*First Judicial District.*

## In the District Court of Philadelphia.

## SPENCE *v.* WALLACE.

1. Goods purchased by a married woman having no separate estate, with money loaned to her, are subject to levy by her husband's creditors.
2. The act of April 3d, 1872, includes only the "earnings" of a married woman; it cannot be construed to include borrowed money.

Opinion delivered July 12th, 1873, by

LYND, J. This was a feigned issue upon a sheriff's interpleader. The plaintiff was the wife of the defendant in the execution. She bor- rowed money, and bought therewith the goods levied upon. She had no separate estate. The jury rendered a verdict for the plaintiff, subject to the opinion of the court upon the following reserved question: Whether goods purchased by a married woman who has no separate estate, with money loaned to her, are subject to levy by the creditors of her husband?

Bucher *v.* Rean, 18 P. F. S. 421, seems to settle this question against the plaintiff. But her counsel points to the act of April 3, 1872, Bright- ley's Dig. 1010, §§ 38, 39: "The separate earnings of any married woman of the State of Pennsylvania, whether said earnings shall be as wages for labor, salary, property, business or otherwise, shall accrue to and enure to the separate benefit and use of said married woman, and be under the control of such married woman, independently of her husband, and so as not to be subject to any legal claim of such husband, or to the claims of any creditor or creditors of such husband, the same as if such married woman were a *feme sole : Provided,* That in any suit at law or in equity, in which the ownership of such property shall be in dispute, the person

claiming such property, under this act, shall be compelled, in the first instance, to show title and ownership in the same."

He contends that money borrowed by a married woman, though not upon the credit of her separate estate, is protected from her husband's creditors by the letter of this legislation. But by the letter of the act, "separate earnings" alone are protected. Unless "separate earnings" and "borrowed money" are identical, the letter of the act does not help the plaintiff. That that which one earns is entirely different from that which one borrows, is too clear for ratiocination. The clause, "whether said earnings shall be as wages for labor, salary, property, business, or otherwise," even if much less inelegant and obscure than it is, does not enlarge the operation or scope of the main sentence. The thing comprehended is still "earnings," nothing else. To amplify here would be to waste time.

But again, he contends that the purpose of the act was to still further break down the common law disabilities of married women, and to make her separate earnings her separate property, free from the control of her husband and of his creditors, and that moneys advanced to her by her friends, to enable her to go into business, and to thus acquire profits or earnings, are as well entitled to protection as are such profits or earnings.

But this view overlooks the fact that a wife can have no *separate* credit. For what she borrows, with the concurrence of her husband, he is liable. Personally she is not liable for money loaned to her, although her separate estate, if any, and if properly pledged, may be liable. Robinson *v.* Wallace, 3 Wr. 129. Why should she have an independent control of that which she acquires at his expense? Why should his other creditors be shut out from such property, when this creditor can come in upon his general property? It was probably because of this that the legislature did not frame the act so that "moneys loaned" to a married woman would be clearly within the letter of it.

This would be holding open the door for fraud so wide as to imply an invitation to enter. Should the law lead its subject into temptation?'

It may be, too, that public policy dictated the omission. A failing debtor could contrive many indirect modes of getting his money into the hands of a friend, if that money could be loaned to his wife and be used in business by her, free from the reach of his creditors. Detection by the latter would be almost impracticable.

But even though no reason could be assigned why moneys loaned to a *feme covert* should not become her separate property, as absolutely as her separate earnings become so under the act in question, we should still deem it our duty, inasmuch as the two things are distinct and independent, to refuse to adopt the construction contended for by the plaintiff. Legislative and judicial function must not be confounded. If it was the intent of the lawmakers to protect moneys loaned to a wife, they should have caused it to be so written. Judgment for defendant on the point reserved.

*Charles H. Downing,* Esq., for claimant; *Thomas J. Diehl,* Esq., for execution plaintiff.